UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:21-CR-00142-DCLC-CRW |
| | ) | |
| | ) | 2:22-CR-00050-DCLC-CRW |
| v. | ) | |
| | ) | |
| JONATHAN RYANS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Motion, Doc. 45; Supplements, Docs. 48, 51]. The Government has responded in opposition [Docs. 49, 52], and this matter is ripe for resolution. For the following reasons, this motion is denied.

**I.     BACKGROUND**

In August 2019, Defendant was sentenced to sixty months' imprisonment for violating 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm. [Doc. 14 at ¶ 4]. On September 21, 2021, six months before completing that sentence, the Bureau of Prisons transferred Defendant to a residential reentry center (halfway house) in Atlanta, Georgia. [*Id*.]. Less than a week later, Defendant left the halfway house and failed to return as required, and a warrant was issued for his arrest. [*Id*.]. Approximately two months later, Defendant was located in Kingsport, Tennessee, with an empty firearm holster on his person and a semi-automatic pistol on the floorboard of the vehicle he had been driving. [*Id*.].

1

On August 25, 2022, Defendant pleaded guilty to possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) (Case No. 2:21-CR-00142), and escape, in violation of 18 U.S.C. § 751(a) (Case No. 2:22-CR-00050) [Docs. 14, 17]. With a Criminal History Category IV and total offense levels of 19 for the firearm offense and 11 for the escape offense, the Court calculated advisory guideline ranges of 46 to 57 months for the felon in possession offense and 18 to 24 months for the escape offense, resulting in a combined guideline range of 64 to 81 months' imprisonment. [Doc. 30 at ¶¶ 80-81].

Pursuant to Fed.R.Crim.Pro. 11(c)(1)(C), Defendant and the United States agreed that a sentence of 84 months' imprisonment was the appropriate disposition. [Doc. 14 at ¶ 6]. The agreement specified a sentence of 54 months for the firearm offense and 30 months for escape offense, to be served consecutively. The Court accepted the plea agreement and imposed the agreed-upon sentence of 84 months' imprisonment. [Doc. 41].

Defendant is currently housed at USP Hazelton with a projected release date of February 14, 2028. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited January 26, 2026). He now seeks a sentence reduction pursuant to Guideline Amendment 821 [Doc. 45].

## II.    ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Pleading guilty

pursuant to a Rule 11(c)(1)(C) plea agreement does not preclude an individual from receiving a sentence reduction under 18 U.S.C. § 3582(c)(2). *Hughes v. United States*, 584 U.S. 675, 688 (2018) ("there is no reason a defendant's eligibility for relief should turn on the form of his plea agreement").

Amendment 821, effective November 1, 2023, revised the Guidelines' treatment of certain criminal history calculations. with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, is applied for defendants with more than six criminal history points.

Defendant seeks a sentence reduction under Part A of Guideline Amendment 821, which amended U.S.S.G. § 4A1.1. At sentencing, Defendant was assessed eight criminal history points, including two status points. Under the amended guideline, Defendant would receive zero status points, reducing his total criminal history points from eight to six and placing him in Criminal History Category III. As a result, the advisory guidelines range for the felon in possession offense would be reduced to 37 to 46 months' imprisonment, and the range for the escape offense would be reduced to 12 to 18 months. The resulting combined amended guidelines range is 49 to 64 months' imprisonment. Thus, Defendant is eligible for consideration of a sentence reduction under Amendment 821.

Defendant asks this Court to reduce his sentence to 64 months' imprisonment. [Doc. 46]. The Government acknowledges that the Court has discretion reduce his sentence but argues that

3

the Court could reasonably decline to do so, or grant a lesser reduction, in light of the need for specific deterrence, Defendant's prior agreement that an above-guidelines sentence was appropriate, and his post-conviction conduct. *See* U.S.S.G. § 1B1.10, cmt. 1(B).

Upon consideration of factors set forth in 18 U.S.C. § 3553(a), the Court concludes that a sentence reduction is not warranted. Defendant's history and characteristics support an above-guidelines sentence. As the Court noted during the sentencing hearing, Defendant has a lengthy and violent criminal history. [*See* Doc. 50 at 14:3-6; Doc. 30 at ¶¶ 43-55]. The instant offenses underscore that pattern: Defendant unlawfully possessed a firearm after escaping from custody while serving a sentence for unlawfully possessing a firearm. Despite spending much of his adult life incarcerated, his pattern of behavior indicates that he has yet to develop respect for the law or be deterred from further criminal conduct.

In addition, Defendant's post-sentence conduct further weighs against a reduction. Although Defendant asserts that he has used his time in prison for rehabilitation, BOP records suggest otherwise. Defendant has incurred two disciplinary infractions for using or possessing drugs or alcohol. [Doc. 48-1]. He has expressed "no interest" in the Bureau of Prisons' residential drug treatment program and failed to complete the non-residential treatment program. [Doc. 49-1]. Further, the BOP classifies Defendant as being a high risk of recidivism. [*Id.*].

In light of Defendant's history and characteristics and the need for specific deterrence, the Court finds that the original sentence remains sufficient, but not greater than necessary, to comply with the purposes of sentencing, and a sentence reduction is not warranted. *See* 18 U.S.C. §§ 3553(a)(1), (2).

## III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 45] is **DENIED**.

4

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge